**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Hartford Fire Insurance Company | : | |
| One Hartford Plaza | : | |
| Hartford, CT 06155, | : | |
| | : | |
| Plaintiff, | : | Case No.: **5:34-cv-687** |
| | : | |
| vs. | : | |
| | : | |
| ARC BWNCNOH001, LLC | : | Judge: _____ |
| c/o Statutory Agent | : | |
| Corporation Service Company | : | |
| 3366 Riverside Drive, Suite 103 | : | |
| Upper Arlington, OH 43221 | : | |
| | : | |
| and | : | |
| | : | |
| Cynthia DeMuesy | : | |
| 7333 Marelis N.E. | : | |
| Canton, OH 44721 | : | |
| | : | |
| and | : | |
| | : | |
| Robert DeMuesy | : | |
| 7333 Marelis N.E. | : | |
| Canton, OH 44721, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**OF PLAINTIFF HARTFORD FIRE INSURANCE COMPANY**

Now comes Plaintiff Hartford Fire Insurance Company ("Hartford"), by and through

counsel, and for its Complaint for Declaratory Judgment, hereby states follows:

**THE PARTIES AND JURISDICTION**

1.      Hartford is a corporation organized under the laws of the State of Connecticut

with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

2.     Defendant ARC BWNCNOH001, LLC ("ARC") is a limited liability company for profit, organized and existing under the laws of the State of Delaware, with its principal place of business at 2325 East Camelback Road, Suite 1100, Phoenix, Arizona 85016.

3.     Defendants Cynthia DeMuesy and Robert DeMuesy are residents of Stark County, Ohio.

4.     This Court has personal jurisdiction over the DeMuesy Defendants as they are residents of Ohio.

5.     This Court has personal jurisdiction of ARC, which is duly authorized to conduct business in the State of Ohio and is registered with the Ohio Secretary of State.  In addition, this Court has personal jurisdiction over ARC pursuant to Ohio's long-arm statute, O.R.C. §2307.382, and this cause of action arises from ARC's activities in Ohio.

6.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332, for the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of costs and interest, and this action is between citizens of different states.

7.     This Court has power to grant the relief sought in this action pursuant to 28 U.S.C. §2201.

**FACTUAL BACKGROUND**

8.     At all times relevant, ARC was insured under a Special Multi-Flex Business Insurance Policy, policy number 59 UEN ZC6471, issued by Hartford to Vereit, Inc. with a policy period beginning December 31, 2019 to December 31, 2020 ("the Policy").  A certified copy of the Policy is attached hereto as Exhibit A.

9.      Upon information and belief, Defendants Cynthia DeMuesy ("Mrs. DeMuesy") and Robert DeMuesy ("Mr. DeMuesy") (collectively "DeMuesy Defendants") are a married couple residing in Stark County, Ohio.

10.     On May 25, 2022, the DeMuesy Defendants filed a Complaint in the Court of Common Pleas of Stark County, Ohio, being Case No. 2022CV00812, styled *Cynthia DeMuesy, et al. vs. BJ's Wholesale Club, Inc., et al.,* wherein they alleged that Defendant ARC was an owner, manager, lessee, and/or operator of commercial property located at 6924 Frank Avenue N.W., North Canton, Ohio 44720, which commercial property is the site of a BJ's Wholesale Club Store (hereinafter "BJ's Store").

11.     In the Complaint, Mrs. DeMuesy alleged that, on or about May 27, 2020, she was a member of the BJ's Store and an invitee of the BJ's Store under Defendant ARC's management and control and that ARC, among others, was responsible for the interior and exterior maintenance and repairs of the BJ's Store, including its parking lots and sidewalks.

12.     In the Complaint, Mrs. DeMuesy further alleged that, on or about May 27, 2020, she was walking towards the BJ's Store entrance when she allegedly encountered a hazardous defect in the sidewalk and/or parking lot outside the BJ's Store, which caused her to fall and sustain injuries.

13.     In the Complaint, the DeMuesy Defendants asserted claims of common law negligence, statutory negligence, and loss of consortium against Defendant ARC, among others.

14.     On May 25, 2022, counsel for the DeMuesy Defendants mailed a Rule 4.7 Notice of a Lawsuit and Request for Waiver of Service of Summons to Corporation Service Company ("CSC"), the statutory agent for service for Defendant ARC.  The Notice requested

that ARC waive formal service of a summons by signing and returning the Waiver enclosed with the Notice.

15.     On June 15, 2022, Defendant ARC's representative executed and returned the Waiver to counsel for the DeMuesy Defendants, and counsel then filed the signed Waiver with the Stark County Common Pleas Court on or about June 21, 2022.

16.     The Waiver clearly stated, as required by Rule:

> I also understand that ARC BWNCNOH001, LLC must file and serve an answer or a motion under Rule 12 within 60 days from May 25, 2022, the date when this request was sent.  If I fail to do so, a default judgment could be entered against ARC BWNCNOH001, LLC.

17.     Defendant ARC, upon its receipt of the DeMuesy Complaint and the Request for Waiver of Service, failed to notify Hartford of the suit against ARC.

18.     Defendant ARC also failed to answer or otherwise defend as required by Civ. R. 4.7 and Civ. R. 12.

19.     As a result, on August 25, 2022, the DeMuesy Defendants, by and through counsel, filed a Motion for Default Judgment against Defendant ARC.

20.     On August 29, 2022, Defendant ARC, through its statutory agent CSC, was served with Plaintiff's Motion for Default Judgment.  On August 31, 2022, CSC, for the first time, sent a copy of the Complaint, the Waiver of Service of Summons, and the Motion for Default Judgment, to Hartford.

21.     Hartford, immediately upon receipt of the Complaint and Motion for Default Judgment, retained counsel to defend Defendant ARC under a reservation of rights, and to oppose the Motion for Default Judgment filed by the DeMuesy Defendants.

22.     On September 1, 2022, Hartford sent a letter to BJ's Store tendering ARC's defense and indemnification in the DeMuesy lawsuit, pursuant to the Tenant-Lease Agreement between BJ's Wholesale Club and ARC, which lease required BJ's Store to maintain the outdoor areas of the subject premises, including parking areas, driveways, and walkways.  The Tenant-Lease Agreement further required that BJ's Store indemnify, defend and hold harmless ARC as the landlord for any and all claims for damages or liability occurring in, on, or around the demised premises.

23.     On September 2, 2022, the counsel retained by Hartford to defend Defendant ARC filed a Memorandum Contra to the Motion for Default Judgment.

24.     On September 28, 2022, counsel for Defendant ARC also filed a Motion for Extension of Time to File Initial Pleadings.

25.     On October 3, 2022, the Court, via Judgment Entry, found ARC's arguments in its Memorandum Contra the Motion for Default Judgment to be not well taken and thereby granted the DeMuesy Defendants' Motion for Default Judgment as to Defendant ARC.  The Court further denied ARC's Motion for Extension of Time to File its Initial Pleading.

26.     On October 7, 2022, Defendant ARC filed a Motion for Relief from Default Judgment, and the DeMuesy Defendants filed their Brief in Opposition to the Motion for Relief from Judgment on October 25, 2022.

27.     On November 2, 2022, Defendant ARC, through its counsel, filed a Memo in Support of its Motion for Relief from Judgment and also filed a Motion for Reconsideration of the Court's 10/03/22 Judgment Entry.  The DeMuesy Defendants filed their Brief in Opposition to Defendant ARC's Motion for Reconsideration on November 8, 2022.

28.     By Judgment Entry of November 9, 2022, the Court denied Defendant ARC's Motion for Relief from Default Judgment, and the Court further denied ARC's Motion for Reconsideration of Default Judgment.

29.     In the meantime, on September 28, 2022, BJ's Store had agreed to accept Hartford's tender of the defense/indemnification of ARC per the terms of the Tenant-Lease Agreement.  However, on October 14, 2022, BJ's Store withdrew its acceptance of the tender of defense and indemnity when BJ's Store learned that an Order of Default had been entered against ARC in the DeMuesy lawsuit.  BJ's Store, in its withdrawal letter, pointed out that the indemnification provision in the Tenant-Lease Agreement stated that, "It is a condition of this same harmless and indemnification that Tenant shall receive prompt notice of any such claim bought by Landlord."

30.     By Nuc Pro Tunc Judgment Entry of November 16, 2022, the Court clarified its denial of Defendant ARC's Motion for Relief from Default Judgment and ARC's Motion for Reconsideration of Default Judgment.

31.     With the Default Judgment on liability determined against Defendant ARC, the underlying DeMuesy lawsuit remains pending against Defendant ARC solely on the issue of damages.

## PROMPT NOTICE OF SUIT
## POLICY PROVISIONS AND DEFENDANT ARC'S FAILURE TO COMPLY WITH SAID PROVISIONS

33.     With regard to the duties of an insured in the event of a claim or suit against an insured, the Policy provides, in relevant part, as follows:

**b.   Notice of Claim**

If a claim is made or 'suit' is brought against any insured, you or any additional insured must:

     (1)     Immediately record the specifics of the claim or 'suit' and the date received; and

     (2)     Notify us as soon as practicable.

You or any additional insured must see to it that we receive written notice of the claim or 'suit' as soon as practicable.

**c.**    **Assistance and Cooperation Of The Insured**

You and any other involved insured must:

     (1)     Immediately send us copies of any demands, notices, summons or legal papers received in connection to the claim of "suit."

34.    Defendant ARC failed to comply with the Notice of Suit/Claim Provisions of the Policy by failing to notify Hartford as soon as practicable of ARC's receipt of the DeMuesy Complaint in the DeMuesy lawsuit.

35.    Defendant ARC did not notify Plaintiff Hartford of the DeMuesy lawsuit until after default judgment had already been entered against Defendant ARC.  As a result of Defendant ARC's failure to comply with the prompt notice provisions of the Policy, Plaintiff Hartford has been prejudiced and deprived of the opportunity to participate in the DeMuesy lawsuit and to assert and argue meritorious defenses as to liability.

36.    Furthermore, the Entry of Default Judgment against Defendant ARC resulted in BJ's Store's withdrawal of its acceptance of Hartford's tender of defense and indemnity of ARC in the DeMuesy lawsuit.

37.    By failing to timely forward copies of the Complaint and Summons to Hartford, Defendant ARC failed to satisfy the prompt notice provisions of the Policy – a condition to coverage – and that failure resulted in actual prejudice to Hartford.

38.     Accordingly, due to Defendant ARC's breach of the above policy Provisions, Hartford does not owe coverage under the Policy for the lawsuit against ARC and seeks a declaration that it has no duty to defend or indemnify ARC with respect to the lawsuit and that Hartford may withdraw from the defense of ARC.

### REQUEST FOR DECLARATORY JUDGMENT

39.     An actual and substantial controversy exists between Plaintiff Hartford and the Defendants herein as to the coverage provided under the Policy.

39.     Such controversy requires a judicial declaration of the respective rights and responsibilities of Plaintiff Hartford and Defendant ARC under the Policy.

40.     The remaining parties to this lawsuit, i.e., Defendants Mr. and Mrs. DeMuesy, may claim to have an interest in proceeds and/or coverage under the Policy for claims that have been or could have been asserted against Defendant ARC in the DeMuesy lawsuit, and as such, they are necessary and indispensable parties to Hartford's request for declaratory judgment herein.

WHEREFORE, Plaintiff Hartford Fire Insurance Company respectfully requests that this Court:

1.     Declare that Defendant ARC failed to forward a copy of the Complaint and Summons in the DeMuesy lawsuit to Hartford as soon as practicable;

2.     Declare that Defendant ARC failed to comply with the prompt notice provisions of the Policy and thus failed to satisfy a condition precedent to coverage under The Policy;

3.     Declare that ARC's failure or failures resulted in actual prejudice to Hartford;

4.      Declare that ARC's the Policy does not afford coverage to ARC with respect to the DeMuesy lawsuit.

5.      Declare that ARC's failure and the resulting prejudice to Hartford relieves Hartford of any existing obligations to defend, indemnify and/or provide coverage under the Policy.

Respectfully submitted,

*/s/ Daniel J. Hurley*
**Daniel J. Hurley, Esq. (0034499)**
**PLUNKETT COONEY**
716 Mt. Airyshire Blvd., Suite 150
Columbus, OH 43235
Tel: 614.629.3005
Fax: 248.901.4040
DHurley@plunkettcooney.com
*Attorney for Plaintiff, Hartford Fire Insurance Company*

## SERVICE INSTRUCTIONS FOR CLERK OF COURTS

On this **3rd  day of April, 2023**, a true and accurate copy of the foregoing was filed with the Court and served, via certified mail, upon the following:

**ARC BWNCNOH001, LLC**
**c/o Statutory Agent**
Corporation Service Company
3366 Riverside Drive, Suite 103
Upper Arlington, OH 43221

**Cynthia DeMuesy**
7333 Marelis N.E.
Canton, OH 44721

**Robert DeMuesy**
7333 Marelis N.E.
Canton, OH 44721

*/s/ Daniel J. Hurley*
**Daniel J. Hurley, Esq. (0034499)**
**PLUNKETT COONEY**

Open.17606.30023.30567995-1